United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KENNETH NEILL, § § Plaintiff. § § VS. § CIVIL ACTION NO. 4:21-cv-01744 § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Kenneth Neill ("Neill") seeks judicial review of an administrative decision denying his applications for disability benefits under Titles II and XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Neill and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 14 and 15. After reviewing the briefing, the record, and the applicable law, Neill's motion for summary judgment should be **DENIED**, and the Commissioner's motion for summary judgment should be **GRANTED**.

## BACKGROUND

Neill filed an application for disability benefits in November 2018, alleging disability beginning on August 29, 2018. His application was denied and denied again upon reconsideration. Neill then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a telephonic hearing on August 19, 2020 (due to the COVID-19 pandemic) and found that Neill was not disabled.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

Neill filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Neill "has not engaged in substantial gainful activity since August 29, 2018, the alleged onset date." Dkt. 11-3 at 13.

The ALJ found at Step 2 that Neill suffered from "the following severe impairments: degenerative disc disease of the cervical, thoracic and lumbar spines and degenerative joint disease of the left foot and ankle." *Id*.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Neill's RFC as follows:

[T]he the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Light work by definition, involves lifting/carry 20 pounds occasionally and 10 pounds frequently. The claimant can frequently climb ramps and stairs but never climb ladders, ropes or scaffolds. He can frequently balance, stoop, kneel and crouch. He can occasionally crawl. He can reach overhead occasionally with his bilateral upper extremities.

*Id*. at 17.

At Step 4, the ALJ found that Neill "is capable of performing past relevant work as an auto parts counter salesperson. This work does not require the

3

performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 20. Consequently, the ALJ determined that Neill "has not been under a disability, as defined in the Social Security Act, from August 29, 2018, through the date of this decision." *Id.*

## DISCUSSION

Neill contends that the ALJ erroneously determined his RFC in two ways. First, Neill argues that the ALJ erred by failing to apply Social Security Ruling ("SSR") 96-8p. Next, Neill argues that the ALJ failed to consider his "diminished bilateral manual dexterity." Dkt. 14 at 18. I disagree.[2]

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Jeansonne v. Saul*, 855 F. App'x 193, 198 (5th Cir. 2021) (cleaned up). *See also* 20 C.F.R. §§ 404.1545(a), 416.945(a). "It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule." *McMillian v. Colvin*, No. 4:12-CV-661-A, 2014 WL 61172, at *6 (N.D. Tex. Jan. 6, 2014). The ALJ's RFC assessment "involves both exertional and non-exertional factors." *Finley v. Saul*, No. CV 20-471-JWD-RLB, 2022 WL 815461, at *6 (M.D. La. Feb. 11, 2022). Relevant here, "[e]xertional capacity involves seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). Pursuant to SSR 96-8p, an ALJ's RFC assessment must be "based upon 'all of the relevant evidence in the case record,' including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements,

---

[2] Neill also makes an argument based on the Grid Rules, which presupposes a favorable determination on his first two arguments. Because I do not agree with Neill's first two arguments, I do not reach the argument related to the Grid Rules.

4

and work evaluations." *Gray v. Astrue*, No. 1:09–CV–0101–BI, 2011 WL 856941, at *5 (N.D. Tex. Mar. 11, 2011) (quoting SSR 96–8p, 1996 WL 374184 at *2 (emphasis omitted)). "Simply put: [the ALJ's RFC determination] reflects the claimant's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis." *Clewis v. Kijakazi*, No. CV 4:20-2914, 2021 WL 7084147, at *3 (S.D. Tex. Nov. 17, 2021) (collecting authorities).

Here, Neill claims that "the ALJ erred in failing to make a 'function-by-function' assessment as required by SSR 96-8p" and in failing to "consider Mr. Neill's inability to engage in sustained work activities, as required by SSR 96-8p." Dkt. 14 at 12. I find these arguments unpersuasive.

The ALJ's decision contains a thorough discussion of the voluminous medical record and his appraisal of Neill's testimony and the other medical evidence. Importantly, in fashioning the RFC, the ALJ specifically relies in part on the RFC conclusions reached by two state agency physicians. *See* Dkt. 11-3 at 19 ("The undersigned finds those opinions [of the state agency physicians] persuasive, as their opinions are consistent with the evidence of record."). The state agency physicians' reports, which are specifically cited by the ALJ, contain a function-by-function assessment of Neill's physical abilities to do sustained work activity in an ordinary work setting on a regular and continuing basis. *See* Dkt. 11-4 at 19–29, 31–42. The ALJ agreed with both assessments in all respects except one: the ALJ limited Neill "to occasional overhead reaching" because he found that this additional limitation "better accounts for [Neill's] subjective pain complaints. Dkt. 11-3 at 19.

In my view, the ALJ's reliance on the state agency physicians' findings, in conjunction with his own consideration of the medical evidence, satisfies SSR 96-8p because "[t]he Fifth Circuit has consistently held that SSR 96-8p is satisfied when the ALJ's determination is supported by substantial evidence and is based on the function-by-function analysis of the state [agency physician's] medical

report." *Finley*, 2022 WL 815461, at *6 (collecting cases). *See also Griffin on behalf of Smith v. Kijakazi*, No. 4:20-CV-185-JMV, 2022 WL 348651, at *6 (N.D. Miss. Feb. 4, 2022) ("[T]he ALJ's reference to a prior administrative medical finding completed by agency physician Dr. Kossman, which contained a function-by-function assessment of Plaintiff's physical abilities, shows that the ALJ considered all of the work-related abilities listed in SSR 96-8p."); *Webb v. Saul*, No. 3:18-CV-1058, 2020 WL 419368, at *7 (W.D. La. Jan. 27, 2020) ("[T]he ALJ relied, in no small part, upon the RFC completed by the agency physician, which contained a general evaluation of plaintiff's impairments, and a function-by-function analysis of the limitations imposed by those impairments. This medical report, when combined with the ALJ's appraisal of the testimony and the remainder of the record satisfies the requirements of SSR 96-8p, and its associated regulations."); *Ratcliff on Behalf of T.W. v. Berryhill*, No. CV 16-7835, 2017 WL 9360903, at *9 (E.D. La. Feb. 23, 2017) ("It is well established that the ALJ may rely on the non-examining expert's function-by-function analysis of the impact of claimant's impairments on his ability to perform various tasks." (collecting authorities)); *Jennings v. Comm'r of Soc. Sec. Admin.*, No. 4:14-CV-386, 2016 WL 1182923, at *4 (E.D. Tex. Mar. 28, 2016) ("The ALJ is entitled to rely on the functional assessment noted by the state agency examiners.").

The only remaining issue is whether the ALJ failed to consider Neill's diminished bilateral manual dexterity. In advancing this argument, Neill references multiple documents contained in the administrative record that he believes demonstrates his reduced bilateral manual dexterity. *See* Dkt. 14 at 13–19. Even if I agree with Neill's assessment of those records, my hands are tied. As I explained above, the ALJ relied in part on the state agency physicians' findings. Both state agency physicians found that Neill had no manipulative limitations. *See* Dkt. 11-4 at 26, 38. Significantly, "[m]anipulative limitations include reaching, handling, fingering, and feeling" *Ronda C. v. Berryhill*, No. 3:17-CV-2114-G-BH,

6

2018 WL 4658504, at *11 n.8 (N.D. Tex. Sept. 7, 2018) (quotation omitted). Bilateral manual dexterity means good use of both hands and fingers. *See* SSR 96-9p, 1996 WL 374185 at *8 (explaining that manipulative limitations include "good use of both hands and the fingers . . . i.e., bilateral manual dexterity"). Thus, assuming the accuracy of Neill's characterization of the medical records, the administrative record still contains conflicting evidence. It is beyond the scope of this Court's review to resolve this conflict because "[i]t is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence." *Ramirez*, 606 F. App'x at 777.

## CONCLUSION

For the reasons provided above, Neill's motion for summary judgment (Dkt. 14) should be **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 15) should be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 2nd day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE